IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JON CANADA,<br>    Plaintiff,<br><br>v.<br><br>WEXFORD CORP, *et al.*,<br>    Defendants. | Case No. 4:25-cv-04078-JEH |

### Order

    Plaintiff Jon Canada, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, pursues an action under 42 U.S.C. § 1983 for alleged constitutional violations. (Doc. 1). Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 7). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if the Complaint states a federal claim.

    This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

I

Plaintiff files suit against Wexford Corp, Dr. Osumdson, Nurse Practitioner Ms. Mills, The Rooming Committee, Rooming Committee Members Paula Lodge, Curtis Parsons, John Doe, and Jane Doe, Therapists Gerald Carreon, Natalia Bygrave, Elanor Schupick, Ms. McKenzy, John Doe, and Jane Doe.

Plaintiff alleges he suffers from myriad medical issues, including diabetes, spinal stenosis, arthritis, and cancer. Plaintiff also claims Rushville's psychiatrist diagnosed him with post-traumatic stress disorder ("PTSD"). Plaintiff alleges PTSD causes him to experience "night terrors" where he punches and kicks the wall and rolls out of bed while he is asleep. Plaintiff takes medication for his PTSD, which causes dizziness. Due to his inability to safely climb a ladder, his medical history, and history of falls, he has been given a low bunk permit for the last eight to ten years.

On April 1, 2025, Defendants Dr. Osumdson and Mills allegedly revoked and/or refused to renew his low bunk permit despite their knowledge of his medical history. Plaintiff claims he is now forced to climb to the top bunk and is at risk of falling and injuring himself.

On April 4, 2025, Defendants Parsons, Lodge, John Doe, and Jane Doe allegedly moved Plaintiff to another room and assigned him to the top bunk. Defendants Carreon, Bygrave, Schupick, McKenzy, John Doe, and Jane Doe, who

are therapists and members of Plaintiff's treatment team, allegedly concurred with the Rooming Committee's decision to place him in another room on the top bunk, despite knowing about his medical and psychiatric issues.

Plaintiff also alleges his PTSD caused him to act aggressively toward his roommates in the past. Despite being aware of this issue, Plaintiff's treatment team assigned him to a cell with Mr. Trevino, who has a long history of mental illness. Plaintiff claims that "[t]wo mental[] health patient[s] in the cell together is a time bomb waiting to go off." (Doc. 1 at p. 5).

II

As a civil detainee, Plaintiff's claim for constitutionally inadequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) (detainees entitled to adequate medical care). To establish a Fourteenth Amendment violation, a detainee must show: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Based on his allegations, the Court finds that Plaintiff has alleged a plausible Fourteenth Amendment deliberate indifference claim against (1) Defendants Dr. Osumdson and Mills based on the alleged denial of a bottom bunk permit on April 1, 2025, and (2) Defendants Parsons, Lodge, Rooming Committee Member John Doe, Rooming Committee Member Jane Doe, Carreon, Bygrave, Schupick,

3

McKenzy, Therapist John Doe, and Therapist Jane Doe based on their decision to assign him to a room where he would be required to sleep in the top bunk on or about April 4, 2025.

Plaintiff is advised that unidentified Doe Defendants cannot be served and is placed on notice that it is his responsibility, through initial disclosures and discovery, to identify the Doe Defendants. The failure to do so will result in the dismissal of the Doe Defendants without prejudice.

Plaintiff will not be permitted to proceed on a claim regarding his roommate assignment. Plaintiff does not have the constitutional right to a roommate of his choosing. *See Riccardo v. Rausch*, 375 F.3d 521, 525–26 (7th Cir. 2004); *Smego v. Jumper*, 707 F. App'x 411 (7th Cir. 2017) (civil detainees do not have the right to roommates of their own choosing). Plaintiff does not allege that he harmed Mr. Trevino or that his roommate harmed him. This claim is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Finally, Plaintiff named Wexford Corp and The Rooming Committee as Defendants, but he did not include any specific allegations related to these Defendants in his Complaint. Therefore, they are dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1)   According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on a Fourteenth Amendment deliberate indifference claim against (1) Defendants Dr. Osumdson and Mills based on the alleged denial of a bottom bunk permit on April 1, 2025, and (2) Defendants Paula Lodge, Curtis Parsons, Gerald Carreon, Natalia Bygrave, Elanor Schupick, McKenzy, Therapist John Doe, Therapist Jane Doe, Rooming Committee Member John Doe, and Rooming Committee Member Jane Doe based on their alleged decision to assign him to a room where he would be required to sleep in the top

bunk on or about April 4, 2025. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Plaintiff's Renewed Motion for Leave to Proceed *in forma pauperis* [7] is GRANTED.

3) Defendants Wexford Corp and The Rooming Committee are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is DIRECTED to terminate these Defendants.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore,

no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: May 21, 2025

s/Jonathan E. Hawley
U.S. District Judge